UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAR - 9 2010
MAR 9, 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. |
| ) | |
| API TRADE, LLC, a Pennsylvania ) | |
| limited liability company, ) | 1:10-cv-01543 |
| ) | Judge Ronald A. Guzman |
| ARA AUTO PARTS TRADING LLC, a ) | Magistrate Judge Jeffrey Cole |
| limited liability company, ) | |
| ) | |
| BEND TRANSFER SERVICES, LLC, a ) | |
| Nevada limited liability company, ) | |
| ) | |
| B-TEXAS EUROPEAN, LLC, a Texas ) | |
| limited liability company, ) | |
| ) | |
| CBTC, LLC, a Delaware limited liability ) | |
| company, ) | |
| ) | |
| CMG GLOBAL, LLC, a Pennsylvania ) | |
| limited liability company, ) | |
| ) | |
| CONFIDENT INCORPORATION, a ) | |
| California corporation, ) | |
| ) | |
| HDPL TRADE LLC, a Pennsylvania ) | |
| limited liability company, ) | |
| ) | |
| HOMETOWN HOMEBUYERS, LLC, a ) | |
| Texas limited liability company, ) | |
| ) | |
| IAS GROUP LLC, a California limited ) | |
| liability company, ) | |
| ) | |
| IHC TRADE LLC, a New York limited ) | |
| liability company, ) | |
| ) | |
| MZ SERVICES, LLC, an Arizona limited ) | |

| | |
|---|---|
| liability company, | ) |
| | ) |
| NEW WORLD ENTERPRIZES, LLC, a | ) |
| New Jersey limited liability company, | ) |
| | ) |
| PARTS IMPORTS LLC, a Louisiana | ) |
| limited liability company, | ) |
| | ) |
| SMI IMPORTS, LLC, a Florida limited | ) |
| liability company, | ) |
| | ) |
| SVT SERVICES, LLC, a New York limited | ) |
| liability company, and | ) |
| | ) |
| JOHN DOE(S), | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT FOR PERMANENT
## INJUNCTION AND OTHER EQUITABLE RELIEF

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), for its Complaint alleges as follows:

1. The FTC brings this action under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), to secure temporary, preliminary, and permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten gains, and other equitable relief for Defendants' acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 15 U.S.C. §§ 45(a) and 53(b), and 28 U.S.C. §§ 1331, 1337(a), and 1345.

3. Venue is proper in this District under 15 U.S.C. § 53(b) and 28 U.S.C. § 1391(b) and (c).

2

**PLAINTIFF**

4.      Plaintiff FTC is an independent agency of the United States Government created by statute. 15 U.S.C. §§ 41-58, as amended. The Commission is charged, *inter alia*, with enforcing Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce. The FTC is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act and to secure such equitable relief, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies. 15 U.S.C. §§ 53(b) and 56(a)(2)(A).

**DEFENDANTS**

5.      Defendant(s) John Doe ("Doe") are one or more individuals or entities whose true name and address of residence are unknown to the FTC at this time. FTC will amend this complaint to allege the true name, residential address, and capacities when ascertained. At times material to this Complaint, acting alone or in concert with others, Defendant(s) Doe have formulated, directed, controlled, or participated in the acts and practices set forth in this Complaint.

6.      Defendant API Trade, LLC ("API") is a Pennsylvania limited liability company incorporated in 2006. API's registered office address is 9926 Haldeman Avenue, #45 B, Philadelphia, Pennsylvania 19115.

7.      Defendant ARA Auto Parts Trading LLC ("ARA") is a limited liability company. ARA's principal address is 14202 Barcalow Avenue, Philadelphia, Pennsylvania 19116.

8.      Defendant Bend Transfer Services, LLC ("Bend") is a Nevada limited liability company incorporated in 2006. Bend's registered office address is 21285 East Highway 20, #169, Bend, Oregon 97701.

9.  Defendant B-Texas European, LLC ("B-Texas") is a Texas limited liability company incorporated in 2006. B-Texas' registered office address is 701 Brazos Street, Suite 1050, Austin, Texas 78701. B-Texas also conducts business at 8070 County Road, 603, Brownwood, Texas 76801.

10. Defendant CBTC, LLC ("CBTC") is a Delaware limited liability company incorporated in 2007. CBTC's registered office address is 151 Evergreen Drive, Dover, Delaware 19901. It also conducts business at 9926 Haldeman Avenue, #45 B, Philadelphia, Pennsylvania 19115.

11. Defendant CMG Global, LLC ("CMG") is a Pennsylvania limited liability company incorporated in 2006. CMG's registered office address is 7400 Roosevelt Boulevard, #52602, Philadelphia, Pennsylvania 19115. It also conducts business at 7400 Roosevelt Boulevard, Apartment A303, Philadelphia, Pennsylvania 19152 and P.O. Box 52602, Philadelphia, Pennsylvania 19115.

12. Defendant Confident Incorporation ("Confident") is a California company incorporated in 2002. Confident's registered office address is 17800 Castleton Street, Suite 386, City of Industry, California 91748. Confident also conducts business at 30616 Sand Trap Drive, Agoura Hills, California 91301.

13. Defendant HDPL Trade LLC ("HDPL") is a Pennsylvania limited liability company incorporated in 2008. HDPL's registered office address is 1143 Northern Boulevard, #263, Clarks Summit, Pennsylvania 18411.

14. Defendant Hometown Homebuyers, LLC ("Hometown") is a Texas limited liability company incorporated in 2002. Hometown's registered office address is 413 East

Highway 121, Lewisville, Texas 75057. It also conducts business at 8070 County Road 603, Brownwood, Texas 76801.

15. Defendant IAS Group LLC ("IAS") is a California limited liability company incorporated in 2008. IAS's registered office address is 5348 Vegas Drive, Las Vegas, Nevada 89108. It also conducts business at 11936 Magnolia Boulevard, Apartment 404, Valley Village (North Hollywood), California 91607.

16. Defendant IHC Trade LLC ("IHC") is a New York limited liability company incorporated in 2007. IHC's registered office address is 5823 North Burdick Street, East Syracuse, New York 13057.

17. Defendant MZ Services, LLC ("MZ Services") is an Arizona limited liability company incorporated in 2004. MZ Services's registered office address is located at 2910 North Casa Tomas Court, Phoenix, Arizona 85016.

18. Defendant New World Enterprizes, LLC ("New World") is a New Jersey limited liability company incorporated in 2005. New World's registered office address is 115 Magnolia Avenue, Suite 10, Jersey City, New Jersey 07306. New World also conducts business using the following addresses: (1) 441 Tomlinson Road, Apartment G12, Philadelphia, Pennsylvania 19116, (2) P.O. Box 2645, Newark, New Jersey 07114, (3) 2400 East 3rd Street, Apartment 705, Brooklyn, New York 11223, and (4) 504 Florida Grove Road, Keasby, New Jersey 08832.

19. Defendant Parts Imports LLC ("Parts Imports") is a Louisiana limited liability company incorporated in 2006. Parts Imports' registered office address is 617 Elm Drive, Bogalusa, Louisiana 70427.

20. Defendant SMI Imports, LLC ("SMI") is a Florida limited liability company incorporated in 2006. SMI's registered office address is 2329 North Tamiami Trail, Apartment

#10, Sarasota, Florida 34234. SMI also conducts business at 8122 45th Court East, Apartment 7, Sarasota, Florida 34243.

21. Defendant SVT Services, LLC ("SVT") is a New York limited liability company incorporated in 2008. SVT's registered office address is 800 East 13th Street, Apartment K, Brooklyn, New York 11230.

22. In connection with the matters alleged herein, Defendants have transacted business in the Northern District of Illinois and throughout the United States within the meaning of 15 U.S.C. §53(b).

## COMMERCE

23. At all times relevant to this Complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' BUSINESS PRACTICES

24. Since at least 2006, Defendant(s) Doe have been charging small amounts on the credit and debit cards of consumers without their authorization. Consumers are charged less than $10, and each card is generally charged only once. The proceeds are then placed in U.S. bank accounts opened by individuals in the U.S. that Defendant(s) Doe have hired (referred to herein as "money mules"), who then send the proceeds offshore to banks in Lithuania, Estonia, Latvia, Bulgaria, Cyprus, and Kyrgyzstan.

25. Defendant(s) Doe utilize an expansive network of money mules in the United States to cash out the unauthorized charges. Defendant(s) Doe recruit these money mules by spam email messages, which announce that an international financial services company is

seeking a U.S. finance manager. Once recruited, Defendant(s) Doe direct the money mules to form limited liability companies or corporations.

26. With the assistance of over 14 money mules that they have hired in this fashion, Defendant(s) Doe have formed at least 16 corporate entities: API Trade LLC, ARA Auto Parts Trading LLC, Bend Transfer Services, LLC, B-Texas European, LLC, CBTC LLC, CMG Global LLC, Confident Incorporation, HDPL Trade LLC, Hometown Homebuyers, LLC, IAS Group LLC, IHC Trade LLC, MZ Services, LLC, New World Enterprizes, LLC, Parts Imports LLC, SMI Imports, LLC, and SVT Services, LLC (collectively referred to herein as "Money Cashing Defendants").

27. Defendant(s) Doe also direct these money mules to open multiple bank accounts using the names of the Money Cashing Defendants.

28. Defendant(s) Doe then use debit cards linked to the Money Cashing Defendants' bank accounts to purchase domain names, telephone services, virtual addresses, and other services. Using these services, Defendant(s) Doe complete online merchant applications with credit card processors to open merchant accounts to process charges to consumers' credit and debit cards.

29. Defendant(s) Doe provide fictitious company names on these merchant applications, as well as identifying information about legitimate companies without their knowledge. Defendant(s) Doe also use the names of identity theft victims as "owners" of the fictitious companies, again without their knowledge. Defendant(s) Doe have opened over 100 merchant accounts using these methods.

30. Defendant(s) Doe have charged over a million consumer credit and debit cards. Defendant(s) Doe, at various times, placed charges ranging from 20 cents to $10 onto

consumers' credit and debit cards. The consumers whose credit or debit cards have been charged have never agreed to purchase anything from the Defendants and have never been in contact with them. Moreover, consumers receive nothing in return for these charges.

31. The billing statements that consumers receive for their credit or debit cards contain the name of the merchant that charged them. Defendant(s) Doe have used almost 100 different merchant identifiers for those charges or debits, including the following:

| ACM | Eureka | MARX | Site Services |
|---|---|---|---|
| Adele Services | Extra Path | Mera | Source Limited |
| Advanced Global Tech | Form Limited | MFG | Standard Six |
| AEI | Foto Fast | Name Services | SYS INC |
| Albion Group | Gamma | NETT | System Development |
| Alpha Cell | GFDL | New Eight | Terra |
| ALS | GLOBO | Office Development | THQ |
| ALS LLC | Green Stone | Office Services | TIMO |
| BEI | Harry Dean | OM Extra | TLC Inc. |
| BIT | HBS | ONE | Union Green |
| BusinessWorks | Home Port | Online Group | United Services |
| Center Company | Homebase | Prc Services | VIVOS |
| Centr Limited | ICH Services | Presi | WELLE |
| Centrum Group | IHS | Rasna | Will Services |
| CFM | Image Company | RSIPartners | World Trade |
| CFR | Image Services | RSS Inc. | World Wide Services |
| COS | IPS | Safeworks | YES |
| Data Services | ISSO | Search Company | |
| Den Enterprises | IVA | Search Group | |
| Dgen | Lang Group | Search Management | |
| Digest Limited | Light Flow | Search Services | |
| Don Partners | Link Group | SFR | |
| DwellTech | Link Services | Sigma | |
| Edge | List Services | Site Group | |
| ESTA | Mark Silver | Site Management | |

32. Defendant(s) Doe deposit the proceeds of the credit and debit card charges into over a hundred bank accounts opened under the names of the Money Cashing Defendants.

33. Defendant(s) Doe then instruct the money mules to forward the proceeds from the Money Cashing Defendants' bank accounts to bank accounts located in Lithuania, Estonia, Latvia, Bulgaria, Cyprus, and Kyrgyzstan.

34. Consumers who review their credit card or debit card statements find a merchant identifier and a toll-free phone number by the charge. If consumers call those toll-free numbers, they find that the numbers are either disconnected or an automated voice recording instructs the consumers to leave a detailed message. Even if consumers leave a message, no one returns the call. Consumers therefore have no ability to speak to a representative to dispute the charges with the company.

35. Some consumers directly contact their card issuers to reverse the charges on their account statements and to cancel their credit or debit card accounts in order to stop future charges. The vast majority of consumers, however, either do not notice these charges, misunderstand them, or do not file formal complaints with their credit or debit card issuer to challenge the charges.

36. Thus far, Defendant(s) Doe have taken in over $10 million dollars from consumers. This scheme is ongoing.

## VIOLATION OF SECTION 5 OF THE FTC ACT

37. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits unfair or deceptive acts or practices in or affecting commerce.

38. Acts or practices are unfair under Section 5 of the FTC Act if they cause substantial injury to consumers that consumers cannot reasonably avoid themselves and that is not outweighed by countervailing benefits to consumers or competition. 15 U.S.C. § 45(n).

39. In numerous instances, Defendants charge, debit, or bill the accounts of consumers.

40. Consumers have not received anything for or authorized the charges, which Defendants debit or bill to them.

41. Defendants' acts or practices of charging, debiting or billing consumers' accounts without authorization causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and not outweighed by countervailing benefits to consumers or to competition.

42. Therefore, Defendants' practices, as outlined above, constitute unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. §§ 45(a) and 45(n).

## CONSUMER INJURY

43. Consumers have suffered and will continue to suffer substantial injury as a result of Defendants' violations of the FTC Act. In addition, Defendants have been unjustly enriched as a result of their unlawful acts or practices. Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

44. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of any provision of law enforced by the FTC. The Court, in the exercise of its equitable jurisdiction, may award ancillary relief, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies, to prevent and remedy any violation of any provision of law enforced by the FTC.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, the Federal Trade Commission, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and the Court's own equitable powers, requests that the Court:

1. Award Plaintiff such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief, including, but not limited to, a temporary restraining order, a preliminary injunction, and an order freezing assets;

2. Enter a permanent injunction to prevent future violations of the FTC Act by Defendants;

3. Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act, including, but not limited to rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies; and

4. Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Respectfully submitted,

WILLARD K. TOM
General Counsel

STEVEN M. WERNIKOFF
IRENE I. LIU
Federal Trade Commission
55 W. Monroe St., Suite 1825
Chicago, IL 60603
(ph) (312) 960-5634
(fax) (312) 960-5600

Attorneys for Plaintiff
Dated: March 9, 2010             FEDERAL TRADE COMMISSION